United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY WILLIAMS, | No. C-10-4054 TEH (PR) |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| ARNOLD SCHWARZENEGGER, et. al., | |
| Defendant(s). | |

Plaintiff, a prisoner presently incarcerated at California State Prison, Solano, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights by the former governor of California, the director and secretary of the California Department of Corrections and Rehabilitation ("CDCR") and wardens of two California prisons. The handwritten Complaint, including attachments, is roughly 370 pages. The Complaint contains allegations regarding incidents unrelated to each other that occurred during different time periods at different prisons spread across several California counties. See Doc. ## 1, 1-1, 1-2 & 1-3. In its present form, the instant Complaint is

unmanageable.  For the reasons that follow, the Complaint is **DISMISSED** with **LEAVE TO AMEND** within thirty (30) days of the date of this Order.

## I

As an initial matter, it appears that many of the allegations in Plaintiff's complaint address issues that arose in prisons that are outside this judicial district.  Specifically, a substantial part of the events or omissions giving rise to the claim(s) occurred in counties that lie within the venue of either the Eastern District, Central District or Southern District of California.  See 28 U.S.C. § 84(b)-(d).  Venue therefore properly lies in those districts and cannot proceed included as part of an action here.  See id. § 1391(b).  Should Plaintiff chose to file an amended complaint, he is advised to include only claims where venue is proper in this judicial district.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

### III
#### A

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93, (2007) (per curiam) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 570.

The United States Supreme Court recently explained the "plausible on its face" standard of Twombly as follows:  "[w]hile legal conclusions can provide the framework of a complaint, they

3

must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (because "Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings," pleadings filed by pro se litigants – especially pro se prisoners filing civil rights complaints – must be construed liberally); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

B

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2).

C

A complaint must set forth specific facts showing how each defendant proximately caused the deprivation of a federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988.) Further, a supervisor may be liable under 42 U.S.C. § 1983

4

1 only upon a showing of:  (1) personal involvement in the
2 constitutional deprivation; or (2) a sufficient causal connection
3 between the supervisor's wrongful conduct and the constitutional
4 violation.  <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th
5 Cir. 1991) (en banc).  A supervisor therefore generally "is only
6 liable for constitutional violations of his subordinates if the
7 supervisor participated in or directed the violations, or knew of
8 the violations and failed to act to prevent them."  <u>Taylor v. List</u>,
9 880 F.2d 1040, 1045 (9th Cir. 1989).  Without more, Plaintiff's
10 naming of the former governor, CDCR secretary and director and
11 individual prison wardens on the apparent basis that they are liable
12 under a respondeat superior theory is insufficient to state a claim
13 against them.  <u>See</u> <u>id.</u>

### D

Here, even construing Plaintiff's Complaint liberally, the Court is unable to decipher precisely what Plaintiff is alleging against whom, whether the allegations plausibly give rise to an entitlement to relief and whether any named Defendant may be held liable because he or she proximately caused the deprivation of a federally-protected right.  Further, on its face, Plaintiff's Complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not contain a question of law or fact that is common to all Defendants.  Finally, many of Plaintiff's claims cannot be heard here because of improper venue.

**IV**

For the foregoing reasons, the Complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. See Fed. R. Civ. P. 20(a)(2). The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The pleading must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within thirty (30) days of this order will result in the dismissal of this action.

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. See Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated Defendants in the proper venue.

Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and Defendants not included in the First Amended Complaint will not be considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff further is advised that it is his responsibility to prosecute this case. Plaintiff must keep the Court informed of

any change of address by filing a separate paper with the Clerk entitled  "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED     03/08/2011     
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.10\Williams-10-4054-dwlta.wpd

7